**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBIN D. LEWIS and
ROGER M. LEWIS,

        Plaintiffs,

v.

Case No.

Hon.

SPEEDWAY LLC, SPEEDWAY,
CHEKER, RICH OIL, SPEEDWAY
SUPERAMERICA LLC, SPEEDWAY
#8789, SPEEDWAY SUPERAMERICA
LLC-8789, and SPEEDWAY LLC-8789

        Defendants.

| | |
|---|---|
| GEORGE BROOKOVER, P.C.<br>George M. Brookover (P25391)<br>Nathan P. Boerma (P82434)<br>Attorneys for Plaintiffs<br>1005 Abbot Road<br>East Lansing, MI 48823<br>(517)336-4300 | MILLER, CANFIELD, PADDOCK<br>   and STONE, P.L.C.<br>Amy M. Johnston (P51272)<br>Stephen M. Ragatzki (P81952)<br>Amanda Rauh-Bieri (P83615)<br>Attorneys for Defendant Speedway LLC<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313) 963-6420<br>johnston@millercanfield.com<br>ragatzki@millercanfield.com<br>rauh-bieri@millercanfield.com |

**DEFENDANT SPEEDWAY LLC'S NOTICE OF REMOVAL**

Defendant Speedway LLC, improperly named as Speedway, Cheker, Rich Oil, Speedway SuperAmerica LLC, Speedway #8789, Speedway SuperAmerica LLC-8789, and Speedway LLC-8789, by and through its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., gives notice of its removal of this action from the Circuit Court for the County of Ingham, State of Michigan (Case No. 20-592-NO) to the United States District Court for the Western District of Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1367, and 1441.  In support of its Notice of Removal, Speedway LLC states as follows:

1. An action has been commenced against Speedway LLC in the Circuit Court for the County of Ingham, State of Michigan, entitled *Robin D. Lewis and Roger M. Lewis v. Speedway LLC, et al.*, Case No. 2020-592-NO.  Copies of the Summons and Complaint, and all pleadings filed are attached as Exhibit A.

2. Speedway LLC, formerly known as Speedway SuperAmerica LLC, is the only properly named Defendant in this action.  Speedway, Cheker, and Rich Oil are assumed names for Speedway LLC pursuant to MCL 445.1 and are therefore interchangeable and synonymous with Speedway LLC.  *See Clark v. United Techs. Auto., Inc.*, 459 Mich. 681, 683 n.1 (1999).  Speedway #8789, Speedway SuperAmerica LLC-8789, and Speedway LLC-8789 do not exist as legal entities under Michigan law.  *See* the State of Michigan Department of Licensing and Regulatory Affairs Business Entity information attached as Exhibit B.

3. Speedway LLC was served with copies of the Summons and Complaint via certified mail through its registered agent on November 6, 2020.  This Notice of Removal is due within thirty days following receipt thereof and is therefore timely under 28 U.S.C. § 1446(b)(1).

4. In their Complaint, Plaintiffs allege that Robin D. Lewis suffered an ankle fracture at a Speedway gas station and convenience store and that Roger M. Lewis suffered a loss of consortium following Robin D. Lewis' ankle fracture.  Plaintiffs seek damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court.  Ex. A, ¶ 18.

### Grounds for Removal

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district

court of the United States for the district and division embracing the place where such action is pending.

6. The United States District Court for the Western District of Michigan, Southern Division, has original jurisdiction because this is an action (a) wherein the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs; and (b) between citizens of different states.

7. Plaintiffs allege in their Complaint that they are residents of East Lansing, Michigan. Ex. A, ¶¶ 1, 2. Furthermore, publicly available information shows that Plaintiffs are registered voters in Michigan and are citizens of Michigan. *See* Voter Registration Information attached at Exhibit C. Thus, Plaintiffs are citizens of Michigan.

8. Speedway LLC is a Delaware limited liability company with a sole member, MPC Investment LLC. MPC Investment LLC is a Delaware limited liability company with a sole member, Marathon Petroleum Corporation. Marathon Petroleum Corporation is a Delaware corporation with its principal place of business in Ohio. *See* the State of Delaware Corporations Bureau confirmation pages for Speedway LLC, MPC Investment LLC, and Marathon Petroleum Corporation, attached as Exhibit D. Thus, Speedway LLC is a citizen of the states of Ohio and Delaware. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

9. There is complete diversity of citizenship between the parties because Plaintiffs are citizens of Michigan and Defendant Speedway LLC is a citizen of Ohio and Delaware.

10. Further, the amount in controversy exceeds $75,000 as discerned from the allegations in Plaintiffs' Complaint and pertinent jury verdict and settlement research.

11. Plaintiff Robin D. Lewis alleges that she suffered an ankle fracture at a Speedway gas station. She seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. Ex. A, ¶ 18. A notice of removal

3

may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000.  *See* 28 U.S.C. § 1446(c)(2)(A)-(B); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (noting that state court rules "might enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for") (citations omitted)).  Indeed, the Michigan court rules permit recovery in excess of the amount demanded in Plaintiffs' pleadings.  *See* MCR 2.601(A).

12. Plaintiff Robin D. Lewis alleges that she "slipped and fell outside the entryway [of the Speedway gas station and convenience store] on an accumulation of snow and/or ice."  Ex. A, ¶ 15.  Plaintiff Robin D. Lewis claims that she "fractured her ankle and was taken by ambulance to the hospital to reset her ankle," that she "underwent reconstructive surgery on her ankle, which included the insertion of pins and a plate," and that the accident and procedure "led to considerable pain and suffering including, but not limited to, a limitation of her activities, significant rehabilitation, and the need for frequent medical attention."  *Id*. at ¶¶ 16, 17.  Her allegations of injuries reflect a substantial likelihood that this controversy involves claims exceeding $75,000.

13. Jury verdicts and settlements from similar alleged injuries reveal that damages may exceed $75,000.  Please refer to the following, cumulatively attached as Exhibit E: *Goodman v. Zimmer*, No. 09-009172-NO, JVR No. 1012200089 (Mich. Cir. Ct. 2010) ($100,000 settlement after plaintiff suffered an ankle fracture and a torn ligament following a fall on defendant's sidewalk); *Yourofsky v. RHG Fish Market*, No. 09-099849-NO, 2010 WL 6267633 (Mich. Cir.

Ct. 2010) ($85,000 verdict to plaintiff after she fell in the defendant's restaurant and suffered a radius fracture); *Vega v. Soria*, No. 98-323851-NO, JVR No. 169245 (Mich. Cir. Ct. 1993) ($100,000 jury verdict after plaintiff fractured her tibia and fibula, requiring surgical repair, in a fall down the stairs); *Bliss v. Air Ways Lanes, Inc.*, No-89-06950-NO, JVR No. 73950 (Mich. Cir. Ct. 1991) ($100,000 verdict to plaintiff after falling on defendant's sidewalk and requiring surgery after fracturing her fibula and tibia)

14. Based on the injuries and damages alleged in the initial pleadings and pertinent jury verdict and settlement research revealing awards in excess of $75,000 for similar injuries and claims, the present action satisfies the necessary requirements of amount in controversy for removal to this Court.

15. Additionally, Plaintiff Roger M. Lewis alleges that, as a result of his wife's ankle injury, he has suffered losses including "a loss of consortium, loss of society and companionship, and other damages with his wife." Ex. A, ¶ 35. This Court has supplemental jurisdiction over Mr. Lewis's loss of consortium claim because Mr. Lewis's claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Speedway LLC therefore need not prove that Mr. Lewis's claims exceed the amount-in-controversy requirement. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction."). Therefore, Mr. Lewis's claims also satisfy the requirements for removal.

**Procedural Requirements for Removal**

16. Speedway LLC has satisfied or will satisfy all procedural requirements for removal under 28 U.S.C. § 1446.

   a. In accordance with 28 U.S.C. § 1446(a), this is the appropriate court for removal because the state court in which this action was commenced, the Ingham County Circuit Court, is within this Court's district and division. Copies of all process, pleadings, and orders served upon Speedway LLC in this action, including the Summons and Complaint, are attached as Exhibit A. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

   b. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within 30 days of the receipt of the Summons and Complaint. Speedway LLC is the only defendant in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

   c. In accordance with 28 U.S.C. § 1446(d), Speedway LLC will promptly notify Plaintiffs in writing that this case has been removed to this Court pursuant to this Notice of Removal. Speedway LLC will, on the day of filing of this Notice of Removal, submit for filing a copy of the same with the court clerk of the Ingham County Circuit Court.

17. The prerequisites for removal have been met. If any questions arise as to the propriety of the removal of this action, Speedway LLC respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

18. In removing this action, Speedway LLC specifically reserves all its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Speedway LLC hereby petitions to remove this case from the Circuit Court for the County of Ingham, State of Michigan to the United States District Court for the Western District of Michigan, Southern Division, and requests that all future proceedings be held in this Court.

Respectfully submitted,

Miller, Canfield, Paddock and Stone, P.L.C.

By: /s/Amy M. Johnston
Amy M. Johnston (P51272)
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226
(313) 963-6420
johnston@millercanfield.com
*Attorneys for Defendant*

Dated:  December 4, 2020

36898342.6/135532.00097