# Exhibit A

STATE OF MICHIGAN

IN THE 30th CIRCUIT COURT FOR THE COUNTY OF INGHAM

ROBIN D. LEWIS and
ROGER M. LEWIS,

    Plaintiffs,

File No.: 20-_592_-NO

v

Hon.: __JUDGE JAMES S. JAMO__

SPEEDWAY LLC, SPEEDWAY,
CHEKER, RICH OIL, SPEEDWAY SUPERAMERICA LLC,
SPEEDWAY #8789, SPEEDWAY
SUPERAMERICA LLC-8789, and
SPEEDWAY LLC-8789,
    jointly and severally,

    Defendants.

---

George M. Brookover (P25391)
Nathan P. Boerma (P82434)
George Brookover, P.C.
Attorneys for Plaintiff
1005 Abbot Road
East Lansing, MI 48823
(517) 336-4300

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiffs, Robin D. Lewis and Roger M. Lewis, by and through their attorneys, George Brookover, P.C., and for their Complaint state as follows:

### COMMON ALLEGATIONS

1.    Plaintiff, Robin D. Lewis, is a resident of East Lansing, Ingham County, Michigan.

2.    Plaintiff, Roger M. Lewis, is a resident of East Lansing, Ingham County, Michigan.

3. Plaintiffs are husband and wife, and have been married to one another during all relevant times of the Complaint.

4. Defendant SPEEDWAY LLC is a limited liability company organized and existing under the laws of the State of Delaware with corporate headquarters located at 539 S. Main Street, Findlay, Ohio 45840-3229.

5. Defendant SPEEDWAY LLC is the owner and/or operator and/or exercising possession and/or control over the Speedway gas station and convenience store located at 3625 S. Cedar Street, Lansing, Michigan 48910 (commonly referred to as Speedway #8789)

6. Defendant SPEEDWAY is the owner and/or operator and/or exercising possession and/or control over the Speedway gas station and convenience store located at 3625 S. Cedar Street, Lansing, Michigan 48910 (commonly referred to as Speedway #8789).

7. Defendant CHEKER is the owner and/or operator and/or exercising possession and/or control over the Speedway gas station and convenience store located at 3625 S. Cedar Street, Lansing, Michigan 48910 (commonly referred to as Speedway #8789).

8. Defendant RICH OIL is the owner and/or operator and/or exercising possession and/or control over the Speedway gas station and convenience store located at 3625 S. Cedar Street, Lansing, Michigan 48910 (commonly referred to as Speedway #8789).

9. Defendant SPEEDWAY SUPERAMERICA LLC is the owner and/or operator and/or exercising possession and/or control over the Speedway gas station and convenience store located at 3625 S. Cedar Street, Lansing, Michigan 48910 (commonly referred to as Speedway #8789).

10. Defendant SPEEDWAY #8789 is the owner and/or operator and/or exercising possession and/or control over the Speedway gas station and convenience store located at 3625 S. Cedar Street, Lansing, Michigan 48910 (commonly referred to as Speedway #8789).

11. Defendant SPEEDWAY SUPERAMERICA LLC-8789 is the owner and/or operator and/or exercising possession and/or control over the Speedway gas station and convenience store located at 3625 S. Cedar Street, Lansing, Michigan 48910 (commonly referred to as Speedway #8789).

12. Defendant SPEEDWAY LLC-8789 is the owner and/or operator and/or exercising possession and/or control over the Speedway gas station and convenience store located at 3625 S. Cedar Street, Lansing, Michigan 48910 (commonly referred to as Speedway #8789).

13. Defendants transact business at Speedway #8789.

14. At all relevant times in this Complaint the Defendants were the owners and/or operators and/or exercising possession and/or control of Speedway #8789.

15. At approximately 10:00 a.m. on December 31, 2017 the Plaintiff was purchasing gas for her vehicle at the Speedway #8789 station and upon exiting the building she slipped and fell outside the entryway on an accumulation of snow and/or ice.

16. Consequently, Plaintiff, Robin D. Lewis, fractured her ankle and was taken by ambulance to the hospital to reset her ankle.

17. At the hospital the Plaintiff, Robin D. Lewis, underwent reconstructive surgery on her ankle, which included the insertion of pins and a plate, which has also led to considerable pain and suffering including, but not limited to, a limitation of her activities, significant rehabilitation, and the need for frequent medical attention.

3

18. The amount in controversy is within the jurisdiction of this court because the Plaintiff claims damages in excess of $25,000.00.

## COUNT I
## PREMISES LIABILITY
### (As to Plaintiff, Robin D. Lewis)

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint as if fully restated herein.

20. At the time of her injury, the Plaintiff was an "invitee" as she was on the premises for the commercial purpose of purchasing fuel for her vehicle.

21. At the time of the Plaintiff's injury the Defendants' exercised possession and/or control of Speedway #8789.

22. The Defendants' premises included only a single point of entry for its customers in the form of double doors located in the middle of the building.

23. Defendants were required to exercise reasonable care to protect the Plaintiff from an unreasonable risk of harm caused by a dangerous condition on the land.

24. Defendants failed to exercise reasonable care when they, among other things, failed to do one or more of the following:

    a. Failed to maintain the premises in a reasonably safe condition;

    b. Failed to exercise due care and caution in its inspection of the premises to ascertain the presence of any dangerous snow and/or ice accumulation around the only customer entryway into and out of the premises;

    c. Failed to recognize the dangerous accumulation of snow and/or ice on its premises;

    d. Failed to exercise reasonable care to correct the dangerous condition on

4

said premises, to wit: the snow and/or ice near the entryway which created a threat to the Plaintiff's safety; and

e. Failed to adequately and/or properly warn the Plaintiff of the dangerous accumulation of snow and/or ice.

25. The Defendants' failures were the legal and proximate cause of the Plaintiff's injuries.

WHEREFORE, Plaintiff respectfully requests that the Court grant judgment in her favor against the Defendants in whatever amount in excess of twenty-five thousand dollars ($25,000.00) that the Court deems equitable and just, including costs and actual attorney fees.

## COUNT II
## NEGLIGENCE
### (As to Plaintiff, Robin D. Lewis)

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint as if fully restated herein.

27. Defendants owed the Plaintiff at least the duty of reasonable care as the owners exercising possession and/or control of Speedway #8789.

28. Defendants breached their duties to the Plaintiff and were negligent in at least one or more of the following ways:

    a. Failed to maintain the premises in a reasonably safe condition;

    b. Failed to exercise due care and caution in its inspection of the premises to ascertain the presence of any dangerous snow and/or ice accumulation around the only customer entryway into and out of the premises;

    c. Failed to recognize the dangerous accumulation of snow and/or ice on its premises;

   d. Failed to exercise reasonable care to correct the dangerous condition on said premises, to wit: the snow and/or ice near the entryway which created a threat to the Plaintiff's safety; and

   e. Failed to adequately and/or properly warn the Plaintiff of the dangerous accumulation of snow and/or ice.

29. As a direct and proximate result of the Defendants breach of their duties to the Plaintiff, the Plaintiff slipped outside of the entryway and fell which caused her to sustain severe, progressive, and permanent injuries including, but not limited to, the following:

   a. Left bimalleolar ankle fracture;

   b. Posterior tibialis tendonitis in her left foot;

   c. General ankle, foot, and arch pain;

   d. Pain and suffering;

   e. Exacerbation of pre-existing conditions; and

   f. Further injuries which have not yet been diagnosed or manifested themselves.

30. Plaintiff's ankle and other injuries have required her to spend considerable sums of money for her reasonable and necessary medical care, treatment, surgery, and rehabilitation of her ankle and other injuries in order to alleviate and/or mitigate the significant pain and discomfort.

31. As a direct and proximate result of Defendants' negligence, the Plaintiff was unable to participate in day-to-day activities which a normal and healthy individual in the same or similar circumstances could have participated in but for the injuries sustained in her fall.

32. The Plaintiff has and continues to incur expenses for medical care and rehabilitation services for her ankle and other injuries.

WHEREFORE, Plaintiff respectfully requests that the Court grant judgment in her favor against the Defendants in whatever amount in excess of twenty-five thousand dollars ($25,000.00) that the Court deems equitable and just, including costs and actual attorney fees.

## COUNT III
## LOSS OF CONSORTIUM
### (As to Plaintiff, Roger M. Lewis)

33. Plaintiff incorporates by reference paragraphs 1 through 32.

34. At all relevant times Plaintiff, Roger M. Lewis, was the lawfully wedded spouse of Plaintiff Robin D. Lewis.

35. As a proximate result of the negligence by Defendants, Plaintiff has suffered losses including, but not limited to, a loss of consortium, loss of society and companionship, and other damages with his wife.

36. Plaintiff's damages were proximately caused by the inactions or actions of Defendant as herein previously described.

WHEREFORE, Plaintiff, Roger M. Lewis, respectfully requests that the Court grant judgment in his favor against the Defendants in whatever amount in excess of twenty-five thousand dollars ($25,000.00) that the Court deems equitable and just, including costs and actual attorney fees.

**Respectfully Submitted:**

GEORGE BROOKOVER, P.C.
Attorney for Plaintiff

Dated: 10/30/2020    By: _____
George M. Brookover (P25391)

7

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiffs, Robin D. Lewis and Roger M. Lewis, by and through their attorneys, George Brookover, P.C., and hereby demand a trial by jury of all the issues in the above-captioned matter.

**Respectfully Submitted:**

GEORGE BROOKOVER, P.C.
Attorney for Plaintiff

Dated: 10/21/2020          By: _____
                                George M. Brookover (P25391)

8

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>30th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>20- 592 -NO |
|---|---|---|

**Court address**
313 W. Kalamazoo Street, Lansing, Michigan 48933

**JUDGE JAMES S. JAMO**

**Court telephone no.**
(517) 483-6500

| Plaintiff's name(s), address(es), and telephone no(s).<br>Robin D. Lewis<br>Roger M. Lewis<br>c/o George Brookover, P.C.<br>1005 Abbot Road<br>East Lansing, Michigan 48823 | v | Defendant's name(s), address(es), and telephone no(s).<br>Speedway, LLC<br>3625 S. Cedar Street<br>Lansing, Michigan 48910<br>(517) 887-2177 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>George M. Brookover (P25391)<br>George Brookover, P.C.<br>1005 Abbot Road<br>East Lansing, Michigan 48823<br>(517) 336-4300 | | RECEIVED<br>Clerk of the Court<br>30th Judicial Circuit |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>OCT 22 2020 | Expiration date*<br>JAN 2 1 2021 | Court clerk<br>J. WHORTON |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105